IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BONITA MONTGOMERY, | ) | 8:15CV318 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| NANCY BERRYHILL,[1] | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On April 25, 2016, this Social Security case was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Filing No. 18.) On August 3, 2016, Plaintiff was awarded attorney fees in the amount of $5,268.54 for 27.7 hours of work pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Filing No. 21.) Now pending before the court is a motion filed by Plaintiff for an award of attorney fees under 42 U.S.C. § 406(b),[2] in the amount of $9,951.00. (Filing No. 22.)

---

[1] Nancy Berryhill, who became Acting Commissioner of Social Security on January 23, 2017, *see* https://www.ssa.gov/agency/commissioner.html, is substituted as Defendant.

[2] Section 406(b)(1)(A) provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."

In support of the Section 406(b) motion, Plaintiff's counsel has filed evidence establishing that he and Plaintiff entered into a retainer agreement on August 27, 2015, providing for a contingent fee equal to 25% of all past-due benefits awarded (Filing No. 22, ¶ 2 & Ex. A); that on April 19, 2017, following a remand hearing as ordered by this court, a favorable decision was entered for Plaintiff (Filing No. 22, ¶ 4); and that the Commissioner issued a Notice of Award on April 29, 2017 (Filing No. 22, ¶ 4 & Ex. B), which was corrected on January 9, 2018, to state that a total of $19,451.00 was being withheld from Plaintiff's past-due benefits for payment of a 25% contingent fee, that from this amount an authorized fee of $9,500.00 had been paid to Plaintiff's counsel for work performed before the agency, and that the balance of $9,951.00 would continue to be withheld pending a decision by the district court (Filing No. 22, ¶ 5 & Ex. C).

A contingent fee of $9,951.00 for 27.7 hours of work performed in the district court is equivalent to a billable-time fee computed at the rate of $359.24 per hour. On the evidence presented, and in the absence of any objection, I find that the amount requested is reasonable. I therefore will grant the motion for attorney fees pursuant to 42 U.S.C. § 406(b), in the amount of $9,951.00, and will order Plaintiff's counsel to refund to Plaintiff the $5,268.54 in attorney fees previously awarded under the EAJA.

Accordingly,

IT IS ORDERED:

1. The motion for attorney fees pursuant to 42 U.S.C. § 406(b) filed by Plaintiff (Filing No. 22) is granted, and the amount of $9,951.00 shall be paid directly to Plaintiff's counsel from the past-due benefits that were withheld by the Social Security Administration for payment of an authorized attorney fee.

2. Plaintiff's counsel is directed to refund to Plaintiff $5,268.54, which is the amount of attorney fees previously awarded under the EAJA.

3. Judgment shall be entered by separate document.

March 19, 2018

BY THE COURT:

s/ *Richard G. Kopf*
United States Senior District Judge